# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| VINCENT RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CAUSE NO. 1:09-CV-336** |
| | ) | |
| CAVITEC AG, SANTEX AG, SANTEX AG | ) | |
| d/b/a CAVITEC/SANTEX NONWOVEN, and | ) | |
| SANTEX NONWOVEN, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On September 24, 2009, the Plaintiff filed suit in the Allen Superior Court, alleging

several products liability and negligence claims. (Docket # 1.)  On December 1, 2010, the

Defendants filed a Notice of Removal, alleging that this Court has diversity jurisdiction pursuant

to 28 U.S.C. § 1332. (Docket # 1.)  The Notice of Removal alleges that "[u]pon information and

belief, Plaintiff is an individual who resides in the State of Indiana" and "upon information and

belief, that the amount in controversy in this action exceeds $75,000 exclusive of interest and

costs." (Notice of Removal ¶¶ 4, 5.)

The Defendants' Notice of Removal is inadequate.  The "residency" of a party is

meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l*

*Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements

concerning a party's "residency" are not proper allegations of citizenship as required by 28

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992); *see Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996).

U.S.C. § 1332); *see* 28 U.S.C. § 1332; *Nilssen v. Motorola, Inc.*, 255 F.3d 410, 412 (7th Cir. 2001).  "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted); *see generally Smoot v. Mazda Motors of America*, 469 F.3d 675, 677-78 (7th Cir. 2006).  "For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence.").

Furthermore, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns*, 980 F.2d at 1074); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); Hayes v. Bass Pro Outdoor World, LLC, *No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill.* Jan. 21, 2003); *Multi-M Int'l, Inc*., 142 F.R.D. at 152.

Therefore, the Defendants are ORDERED to filed an Amended Notice of Removal forthwith that adequately articulates upon personal knowledge the Plaintiff's citizenship and the amount in controversy.

SO ORDERED.

Enter for this 3rd day of December, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge